UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHLOE ANDERSON,<br><br>   Plaintiff,<br><br>  v.<br><br>STITCH FIX, INC.,<br><br>   Defendant. | Case No. 24-cv-02658-TSH<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 8 |

## I. INTRODUCTION

Pending before the Court is Defendant Stitch Fix, Inc.'s Motion to Compel Arbitration. ECF No. 8. Plaintiff Chloe Anderson filed an Opposition (ECF No. 12) and Defendant filed a Reply (ECF No. 14). The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II. BACKGROUND

On March 28, 2024, Plaintiff Chloe Anderson initiated this lawsuit in San Francisco Superior Court against Stitch Fix, Inc. ("Stitch Fix") and Does 1-10, alleging (1) disparate treatment in violation of California Government Code § 12940 subdivision (a), and (2) constructive discharge. *See* Complaint, ECF No. 1-2, Ex. 1. On May 2, 2024, Defendant removed this action to federal court based on diversity. Notice of Removal, ECF No. 1. In support of its Motion, Defendant has provided a declaration from its People Operations Lead, Dana Rudnick, and proffered a copy of an offer of employment from Stitch Fix to Plaintiff ("Offer Letter") dated October 20, 2020, which Defendant avers Plaintiff electronically signed and dated via DocuSign

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 10.

that same day.  Decl. of Dana Rudnick, ECF No. 8-2 at 1–5 ("Rudnick Decl.") ¶ 8 & Offer Letter, Ex. A to Rudnick Decl, ECF No. 8-2 at 7–9.  The second page of the two-and-a-half-page Offer Letter states: "You are required to sign and comply with an Arbitration, Confidential Information, Invention Assignment, and At-Will Employment, Agreement, a copy of which will be included with your new hire paperwork."  Offer Letter at 8.  The last page of the Offer Letter includes a DocuSign e-signature by Chloe Anderson dated October 20, 2020.  *Id.* at 9.

Defendant has also proffered a copy of Stitch Fix's "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" ("Agreement").  Rudnick Decl. ¶ 10 & Agreement, Ex. C to Rudnick Decl., ECF No. 8-2 at 70–77.  Defendant avers it sent the Agreement to Plaintiff via email on November 19, 2020 and November 20, 2020 and that Plaintiff electronically signed and dated the Agreement via DocuSign on November 20, 2020.  Rudnick Decl. ¶ 10.  Defendant attests that a signed copy of the Agreement was sent from DocuSign to StitchFix on the same date, a copy of which was then saved to Plaintiff's personnel file in the regular course of Defendant's business.  *Id.* ¶ 11.  The last page of the Agreement includes a DocuSign e-signature by Chloe Anderson, dated November 20, 2020.  Agreement at 8.

The seven-page Agreement includes an arbitration provision on the fifth page, which states:

> **9. 1    Arbitration.**  To ensure the timely and economical resolution of disputes that may arise in connection with my employment with the Company, **the Company and I agree that any and all disputes, claims, or causes of action arising from or relating to the enforcement, breach, performance, negotiation, execution, or interpretation of this Agreement, my employment, or the termination of my employment, including but not limited to statutory claims, will be resolved to the fullest extent permitted by law by final, binding and confidential arbitration, by a single arbitrator conducted by JAMS, Inc. ("JAMS") under the then-applicable JAMS rules (available upon request and also currently available at http://www.jamsadr.com/rules-employment-arbitration/) at the metropolitan location nearest to where I performed services for Company, such as San Francisco, Oakland, Sacramento, San Jose, Los Angeles, Santa Ana, or San Diego. I understand that, by agreeing to this arbitration procedure, I am waiving the right to resolve any such dispute through a trial by jury or judge or administrative proceeding.** I will have the right to be represented by legal counsel at any arbitration proceeding. **In addition, all claims, disputes, or causes of action under this section, whether by me or the Company, must be**

2

> **brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class or representative proceeding, nor joined or consolidated with the claims of any other person or entity.** The Arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of representative or class proceeding. This paragraph shall not apply to an action or claim brought in court pursuant to the California Private Attorneys General Act of 2004, as amended. The arbitrator shall: (a) have the authority to compel adequate discovery for the resolution of the dispute and to award such relief as would otherwise be permitted by law; and (b) issue a written arbitration decision, to include the arbitrator's essential findings and conclusions and a statement of the award. The arbitrator shall be authorized to award any or all remedies that the Company or I would be entitled to seek in a court of law. The Company shall pay all JAMS' arbitration fees in excess of the amount of court fees that would be required of me if the dispute were decided in a court of law. Nothing in this letter is intended to prevent either me or the Company from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration. Any awards or orders in such arbitrations may be entered and enforced as judgments in the federal and state courts of any competent jurisdiction.

Agreement at 5 (emphasis in original).

The Agreement also includes the following provision allowing employees to opt out of arbitration by notifying Stitch Fix of their intention to opt out within 30 days of the effective date of the Agreement:

> **9. 2   My Right to Opt Out of Arbitration.**
> **Arbitration is not a mandatory condition of my employment at the Company, and therefore I understand that I may submit a statement notifying the Company that I wish to opt out and not be subject to this arbitration provision.** I understand that to opt out, I must notify the Company of my intention to opt out by submitting to the Company's Legal Department, located at 1 Montgomery Street, Suite 1500, San Francisco, CA 94104, or email at legal@stitchfix.com, a written notice stating that I am opting out of the arbitration provision in this Agreement. In order to be effective, I understand that I must provide my opt out notice within 30 days of the effective date of this Agreement. If I opt out as provided in this paragraph, I will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this arbitration provision, but all other portions of this Agreement will remain in full force and effect. If I do not opt out within 30 days of the effective date of this Agreement, continuing my employment constitutes mutual acceptance of the terms of this arbitration provision by me and the Company. I understand that I have the right to consult with counsel of my choice concerning this Agreement generally, and this arbitration provision specifically.

*Id.* (emphasis in original).  Rudnick avers that in reviewing Stitch Fix's files on Plaintiff, she did

3

1   not see any records of Plaintiff making a request to withdraw from or to opt out of arbitration.
2   Rudnick Decl. ¶ 12.
3         On April 11, 2024, counsel for Defendant contacted Plaintiff's counsel and inquired
4   whether Plaintiff would stipulate to arbitration.  Decl. of Nicholas Gioiello ¶ 2, ECF No. 8-1
5   ("Gioiello Decl.") & Ex. A to Gioiello Decl.  On April 18, 2024, Plaintiff's counsel emailed
6   Defendant's counsel, relaying that Plaintiff would not stipulate to arbitration "as she does not
7   believe the arbitration clause encompasses her specific claims."  Gioiello Decl. ¶ 3 & Ex. C to
8   Gioiello Decl.
9         On May 9, 2024, Defendant filed the instant Motion to Compel Arbitration.  ECF No. 8.
10  On June 5, 2024, Plaintiff filed an Opposition to Defendant's motion.  ECF No. 12 ("Opp'n").  On
11  June 13, 2024, Defendant filed a reply.  ECF No. 14 ("Reply").

### III.   LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA "reflect[s] both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations and internal quotations omitted).  The Court's role is to decide: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute."  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Id.* at 1131.

### IV.   DISCUSSION

The Court finds Defendant has demonstrated that an agreement exists to arbitrate between the parties, and that the Agreement covers Plaintiff's claims, which concern Plaintiff's employment with Defendant.  Plaintiff does not dispute that she signed the Agreement or that the Agreement contained an arbitration provision.  *See generally* Opp'n.  In her complaint, Plaintiff

alleges unlawful employment practices in violation of California Government Code § 12940(a) and constructive discharge. *See* Compl. ¶¶ 26–28 (alleging Defendant pressured her into resigning from her position at Stitch Fix on the basis of national origin in violation of the California Fair Employment and Housing Act), 31–35 (alleging constructive discharge). The Court finds these allegations fall squarely within the scope of the Agreement. *See* Agreement at 5, providing for arbitration of "all disputes, claims, or causes of action arising from or relating to . . . [Plaintiff's] employment, or the termination of [Plaintiff's] employment, including but not limited to statutory claims[.]"

In her Opposition, Plaintiff argues only that Defendant's proffered declaration is insufficient because it does not "say specifically whether Plaintiff did or did not opt out of the arbitration portion of the employment agreement[.]" Opp'n at 2. However, once the party seeking arbitration has established by a preponderance of the evidence the existence of an arbitration agreement, the burden shifts to the party opposing arbitration to "prov[e] by a preponderance of the evidence any defense[.]" *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1468 (2013); *see also Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 485 F. Supp. 3d 1168, 1178 (N.D. Cal. 2020), *aff'd sub nom. Yeomans v. World Fin. Grp. Ins. Agency, LLC.*, No. 20-16937, 2021 WL 5356537 (9th Cir. Nov. 17, 2021). The Court finds Rudnick's declaration establishes by a preponderance of the evidence that Plaintiff did not opt out of arbitration. *See* Rudnick Decl. ¶ 12; *see also* Second Decl. of Dana Rudnick ¶ 5, ECF No. 14-1 (attesting that "[a]ny opt out notice would be located within files maintained by Stitch Fix for each Stitch Fix employee" and confirming Plaintiff did not opt out of the Agreement's arbitration provision). Plaintiff does not claim she opted out of arbitration using the procedures set forth in the Agreement, nor does she claim to have otherwise attempted to opt out of arbitration at any point prior to this dispute. *See generally* Opp'n. And Plaintiff does not provide any other evidence, such as a declaration, to prove she opted out of the arbitration provision. Accordingly, Plaintiff's claims shall be addressed in arbitration.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to compel

1   arbitration.  This action is **STAYED** pending arbitration of all claims determined by an arbitrator
2   to be subject to the parties' arbitration agreement.  The parties are directed to provide the Court
3   with joint status updates on the arbitration proceedings every 90 days from the date of this order.
4       **IT IS SO ORDERED.**

6   Dated: June 18, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge